IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABYEHUN TEFERI,

                                        Petitioner,

            v.

WARDEN KEYES,

                                        Respondent.

OPINION and ORDER

23-cv-159-jdp

---

Petitioner Abyehun Teferi seeks relief under 28 U.S.C. § 2241. Teferi contends that he is entitled to sentence credit under the First Step Act (FSA) that would entitle him to immediate placement in prerelease custody. Respondent filed a response, arguing that Teferi failed to exhaust administrative remedies. Teferi did not file a reply. I agree with respondent and will dismiss the petition.

BACKGROUND

The background is drawn from the declaration of Liza Warzynski, Dkt. 11, submitted by respondent. Because Teferi did not reply to these contentions, and because respondent supported them with evidence, I accept them as true when ruling on the petition. 28 U.S.C. § 2248; *see also Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

Teferi is currently incarcerated at FCI Oxford. Dkt. 11 ¶ 5. Warzynski works for the Federal Bureau of Prisons (BOP) as an administrative remedy clerk. *Id.* ¶ 1. Warzynksi is familiar with the BOP's administrative remedy program and has access to relevant records. *Id.* ¶ 2.

On November 16, 2022, FCI Oxford received an administrative remedy request from Teferi asking respondent to apply FSA time credit to his sentence. *Id.* ¶ 7. Teferi voluntarily withdrew this request on December 14, 2022. *Id.*; Dkt. 11-4 at 1.

On February 9, 2023, FCI Oxford received another administrative remedy request from Teferi asking respondent to recalculate his FSA time credit. Dkt. 11 ¶ 8. Respondent denied this request on April 5, 2023, concluding that Teferi was not entitled to FSA time credit because "he was scored with a High-Risk Prisoner Assessment Tool Targeting Estimated Risk and Need (PATTERN)." *Id.* Teferi appealed to the BOP's Regional Office, which rejected his appeal a day later because he failed to attach a copy of respondent's April 5 response. *See id.*; Dkt. 11-3 at 3. The Regional Office has not received anything else from Teferi. *See* Dkt. 11 ¶ 8.

ANALYSIS

Courts generally require a prisoner to exhaust the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir. 1985). The BOP's administrative remedy program allows prisoners to seek formal review of issues relating to any aspect of their confinement. 28 C.F.R. § 542.10(a). To start the process, the prisoner must file an informal complaint with BOP staff. 28 C.F.R. § 542.13(a). If the prisoner cannot informally resolve his complaint, he must file an administrative remedy request on a BP-9 form within 20 days after the incident at issue. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response, he may submit an appeal on a BP-10 form to the Regional Director within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id.*

The prisoner must complete this process to exhaust the BOP's administrative remedy program. *See Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008). But I may excuse a failure to exhaust where: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Teferi voluntarily withdrew his initial administrative remedy request. Teferi appealed the denial of his second administrative remedy request, but the Regional Office rejected the appeal, and Teferi did not correct the procedural deficiency or take any other action. Teferi filed his petition in March 2023, before respondent even ruled on his second administrative remedy request. Teferi did not complete the administrative process before he filed his petition.

I gather from Teferi's filings that he believes that he does not have enough time to exhaust administrative remedies because his projected release date is November 28, 2023. But Teferi can resubmit an appeal to the Regional Office, which will have 30 days to rule on it. *See* 28 C.F.R. § 542.18. If the decision is unfavorable, Teferi may appeal to the Office of General Counsel, which will have 40 days to issue a decision. *See id.* If Teferi acts now, he should be able to exhaust administrative remedies almost three months before his projected release date.

Even if Teferi could not exhaust administrative remedies before his projected release date, his lack of diligence caused this failure. Teferi entered FCI Oxford in August 2022, and filed his initial administrative remedy request in November 2022. Teferi voluntarily withdrew this request a month later. If Teferi hadn't voluntarily withdrawn his request, he would have had nearly a year to complete the BOP's administrative process. Also, the Regional Office rejected Teferi's appeal on April 6, 2023. Teferi does not allege, and no evidence indicates, that

Teferi could not have immediately fixed the appeal's procedural defect and sought to complete the administrative process. Teferi should not be able to bypass § 2241's exhaustion requirement through a lack of diligence.

There is no other basis to excuse Teferi's failure to exhaust. There is no indication that the BOP could not resolve the issues that Teferi raises or grant the requested relief. Regarding futility, respondent's failure to give Teferi his preferred relief does not necessarily mean that the Regional Director or General Counsel would reach the same conclusion. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try." (emphasis omitted)). Without any argument from Teferi on this point, he has not met his "heavy burden" of showing futility. *Cf. Gonzalez*, 355 F.3d at 1016. Finally, this case does not present any substantial constitutional questions. Because Teferi has failed to exhaust administrative remedies, I will dismiss this action without prejudice. *Brown v. Ashcroft*, 41 F. App'x 873, 875 (7th Cir. 2002). But even if Teferi's failure to exhaust were excusable, the petition would likely fail on the merits because he received a high PATTERN score. *See* Dkt. 11 ¶ 8; Dkt. 11-5 at 1; *see also* Order at 3, *Thompson v. Keyes*, 22-cv-634-jdp, Dkt. 13 (suggesting that the BOP may not apply FSA time credit toward prelease custody if the prisoner has a high PATTERN score).

ORDER

IT IS ORDERED that:

1.  Petitioner Abyehun Teferi's petition, Dkt. 1, is DISMISSED without prejudice for failure to exhaust administrative remedies.

2.  The clerk of court is directed to enter judgment and mail petitioner copies of this order and the judgment.

Entered August 1, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge